IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WHITEHALL EAST PROPERTIES, LLC., <br> 1190 Great Hunt Trail <br> Hinckley, Ohio 44233 <br>    *Plaintiff*, <br><br> v. <br><br> NEWREZ LLC., dba SHELLPOINT MORTGAGE SERVICING, <br> 1100 Virginia Dr. Ste. 125 <br> Fort Washington, Pennsylvania 19034 <br><br> and <br><br> FINANCE OF AMERICA COMMERCIAL, LLC., C/o FINANCE OF AMERICA MORTGAGE, LLC. <br> 1 West Elm Street, First Floor <br> Conshohocken, Pennsylvania 19428 <br><br> and <br><br> U.S. BANK NATIONAL ASSOCIATION, as Trustee for, FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1 <br> 800 Nicollet Mall <br> Minneapolis, Minnesota 55402 <br>    *Defendants*. | CASE NO. <br><br> JUDGE <br><br><br><br><br> **COMPLAINT** |

  NOW COMES, Plaintiff Whitehall East Properties, LLC. ("Plaintiff"), by and through its undersigned attorney, for its cause of action against the Defendants Newrez LLC., dba Shellpoint Mortgage Servicing ("Defendant Shellpoint"), Defendant Finance of America Commercial ("Defendant FOAC"), and Defendant U.S. Bank National Association, as Trustee for, Fidelity & Guaranty Life Mortgage Trust 2018-1 ("Defendant U.S. Bank") and collectively ("Defendants") respectfully states as follows:

## THE PARTIES

1. Plaintiff Whitehall East Properties, LLC., is an Ohio limited liability company doing business in the State of Ohio, with its principal place of business at 1190 Great Hunt Trail, Hinckley, Ohio 44233.

2. Defendant Shellpoint is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 1100 Virginia Drive, Suite 125, Fort Washington, Pennsylvania 19034.

3. Defendant Shellpoint can be served with process through its Statutory Agent, Corporation Service Company at 80 State Street, Albany, New York 12207.

4. Defendant FOAC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 1 West Elm Street, First Floor, Conshohocken, Pennsylvania 19428.

5. Defendant FOAC can be served with process through its Statutory Agent, Corporation Service Company at 80 State Street, Albany, New York 12207.

6. Defendant U.S. Bank is the acting Trustee for Fidelity & Guaranty Life Mortgage Trust 2018-1, a Statutory Trust organized under the laws of Delaware, with its principal place of business being that of the Trustee at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

7. Defendant U.S. Bank can be served with process as the Registered Agent for Fidelity & Guaranty Life Mortgage Trust 2018-1 at, U.S. Bank Trust National Association, 1011 Centre Road Suite 203, Wilmington, Delaware 19805.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that the opposing parties to this action are of diverse citizenships, and the amount in controversy is in excess of $75,000.

9. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any supplemental state law claims related to the facts alleged herein.

10. Pursuant to Fed.R.Civ.P. 4(k)(1)(A), this Court has personal jurisdiction over each of the Defendants, in that each would be subject to personal jurisdiction in Ohio, pursuant to Ohio Revised Code § 2307.382(A), including, but not limited to, subsections 1-4, and 8.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims occurred in this District and each of the Defendants is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

12. In 2018, Plaintiff entered into a Commercial Loan Agreement (the "Agreement") with Defendant FOAC for a loan to purchase properties in Kent, Ohio. A true and accurate copy of the Agreement is attached and herein incorporated as Plaintiff's **Exhibit 1**.

13. FOAC was the original lender to Whitehall. FOAC has since sold its interest in the loan to Fidelity & Guaranty Life Mortgage Trust 2018-1.

14. Defendant U.S. Bank is the trustee for the Fidelity & Guaranty Life Mortgage Trust 2018-1, the current owner of the loan.

15. Defendant Shellpoint is the current loan servicer of the Agreement, as of July 2020.

16. Section 8.3.2 of the Agreement gives the Lender the unilateral, but discretionary, option of instituting any suit arising out of the agreement in any court in the City of New York, or in any other jurisdiction of its choosing.

17. Plaintiff is not in breach of the contract.

18. Plaintiff is current on all of its' payments. A true and accurate copy of the payment history is attached and herein incorporated as Plaintiff's **Exhibit 2**.

19. This is an action against Defendants for breach of the Agreement, and/or to strike the Prepayment Penalty or Yield Maintenance Premium clause due to unconscionability and illegality under New York Usury Laws, and to release Plaintiff from any penalties or additional fees in terminating the Agreement.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff repeats and realleges the preceding paragraphs of its Complaint.

21. Plaintiff and Defendant FOAC entered into an Agreement for a commercial loan.

22. The Agreement is supported by adequate consideration.

23. Plaintiff relied on this Agreement.

24. In December of 2020, Plaintiff requested reimbursement for Capital Expenditures from Defendant Shellpoint, as provided for in Article 5 of the Agreement. A true and accurate copy of the email request is attached and herein incorporated as Plaintiff's **Exhibit 3**.

25. Plaintiff provided additional information requested by Defendant Shellpoint in January of 2021 and made numerous follow up calls with Defendant Shellpoint requesting reimbursement.

26. Defendant Shellpoint did not reimburse Plaintiff for the requested Capital Expenditure until December of 2021.

27. Defendant Shellpoint erroneously charged Plaintiff for hazard insurance on multiple occasions in June, July, August, and September of 2021 despite Plaintiff having provided proof of insurance. A true and accurate copy of the statements for June, July, August, and September of 2021 are herein attached and incorporated as Plaintiff's **Exhibit 4**.

28. On March 27, 2021, Defendant Shellpoint failed to pay the property insurance out of the escrow funds to Plaintiff's insurer, State Farm.

29. Plaintiff discovered Defendant Shellpoint's error when State Farm sent him notice of cancellation due to non-payment. A true and accurate copy of this letter is attached and herein incorporated as Plaintiff's **Exhibit 5**.

30. Defendant Shellpoint finally paid Plaintiff's insurer on April 26, 2021, only after multiple contacts from Plaintiff regarding the issue. A copy of the email exchange between the insurer and Defendant Shellpoint are attached and herein incorporated as Plaintiff's **Exhibit 6**.

31. In May of 2021, Plaintiff discovered that Defendant Shellpoint had not paid the property taxes that were due in March of 2021.

32. The Portage County Treasurer's Office confirmed to Plaintiff that all but one of the properties were delinquent in their payments from March of 2021. A true and accurate copy of the tax bills for the properties are attached and herein incorporated as Plaintiff's **Exhibit 7**.

33. Defendant Shellpoint finally confirmed on January 3, 2022, by letter to Plaintiff stating that the property taxes were paid. A true and accurate copy of the letter is attached and herein incorporated as Plaintiff's **Exhibit 8**.

34. As a result of these breaches, Plaintiff requests an order that Plaintiff is not liable for any penalties or additional fees in terminating or rescinding the Agreement.

## COUNT II
## ILLEGAL USURY

35. Plaintiff repeats and realleges the preceding paragraphs of its Complaint.

36. Defendant Shellpoint's Prepayment Penalty, or "Yield Maintenance Fee," constitutes illegal usury and should be stricken from the Agreement, or the Agreement voided in its entirety.

37. On November 17, 2021, Defendant Shellpoint provided Plaintiff with a payoff statement stating that the Prepayment Penalty for the loan would be "$999,999.00". A true and accurate

copy of the payoff statement of November 17, 2021 ("November Payoff Statement") is attached as Plaintiff's **Exhibit 9**.

38. On December 20, 2021, Defendant Shellpoint provided Plaintiff a new payoff statement that provided for a Prepayment Penalty of "$210,734.92".  A true and accurate copy of the payoff statement of December 20, 2021 ("December Payoff Statement") is attached as **Exhibit 10**.

39. New York Penal Code §190.40 provides that one cannot charge interest on the loan of any money or other property at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period.

40. The prepayment penalty that Defendant insists on is contrary to public policy.  N.Y. CLS Penal Code § 190.40; *Sandra's Jewel Box Inc., v. 401 Hotel, L.P.*, 273 A.D.2d 1 (N.Y. App. Div. 1st Dept. 2000).

41. The total loan amount that Plaintiff entered into with Defendant FOAC was $806,250.00. A true and accurate copy of the rate lock and loan amount is attached as Plaintiff's **Exhibit 11**.

42. The Prepayment Penalty Defendant Shellpoint provided, together with other costs and interest, exceeds twenty-five percent (25%).

43. As a result of this illegal usury, the Plaintiff is not liable for any penalties or additional fees in terminating or rescinding the Agreement.

## COUNT III
## UNCONSCIONABILITY AND UNENFORCEABILITY

44. Plaintiff repeats and realleges the preceding paragraphs of its Complaint.

45. The prepayment penalty as provided by the Agreement is illegal and unconscionable.

46. The Yield Maintenance Provision in the Agreement is ambiguous and was not adequately disclosed since the language was neither plain nor understandable.

47. The Agreement also provides as stated in ¶ 16 of the Complaint, that the Lender has unilateral discretion in determining venue and jurisdiction.

48. Section 8.10 of the Agreement provides that, "Neither Lender nor its agents shall be liable for any monetary damages and Borrower's sole remedy shall be limited to commencing an action seeking injunctive relief or declaratory judgment."

49. The Parties are of unequal bargaining power in that Defendants are national multi-million-dollar companies and Plaintiff is a local small business entity. *Simar Holding Corp. v. GSC*, 87 A.D.3d 688, 2011 NY Slip Op 6346, 928 N.Y.S.2d 592, ¶ 2.

50. These provisions rise to the level of unconscionability in that they are so one sided as to be unreasonable and unconscionable.

51. The Agreement presented to Plaintiff in 2018 was presented on a take it or leave it basis and as such did not allow a chance for mutuality in the contract.

52. Because, these provisions lack mutuality, the Agreement is merely illusory and unenforceable.

53. Accordingly, Plaintiff requests an order that Plaintiff is not liable for any penalties or additional fees in terminating or rescinding the Agreement.

**WHEREFORE**, Plaintiff prays for the following relief:

1. An Order that Plaintiff is not liable for any penalties or additional fees in terminating the Agreement; or alternatively, an order rescinding the Agreement.

2. Any such other just and further relief, both legal and equitable, as this Court deems necessary and proper.

Respectfully submitted,

      /s/ Jon A. Troyer
Jon A. Troyer (#008088)
ARNOLD & ASSOCIATES, LTD.
3458 MASSILLON ROAD
UNIONTOWN, OHIO 44685
(330) 563-4149
(234) 294-0033 fax
jtroyer@asalawfirm.com

*Counsel for Plaintiff Whitehall East Properties, LLC*